996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marie J. SMITH, a single woman, Plaintiff-Appellant,
v.
U.S. VETERANS ADMINISTRATION, an executive department of the
federal government; William L. Eberle, Chief,
Personnel Service Department of Veterans
Affairs, Defendants-Appellees.
 No. 92-15294.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 18, 1993.*
Decided June 24, 1993.
 
 1
 Before NORRIS and RYMER, Circuit Judges, and TAYLOR, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Marie Smith appeals the dismissal on summary judgment of her complaint against a federal employer, in which she alleged a Bivens violation and the tort of wrongful termination. The district court dismissed the action, with prejudice, for Smith's failure to exhaust her administrative remedies. We affirm the dismissal, but on a different ground from that given by the district court. We review decisions to grant summary judgment de novo, but can affirm on any ground supported by the record. In re Apple Computers Secur. Litigation, 886 F.2d 1109, 1102 (9th Cir.), cert. denied sub nom. Schneider v. Apple Computers, Inc., 496 U.S. 943 (1990).
 
 
 4
 When Smith first filed this claim in federal district court, it was dismissed without prejudice so that she would have an opportunity to exhaust her administrative remedies. Congress has established an elaborate statutory remedy for civil service employees who contest their terminations, including the right to a hearing in front of the Merit Systems Protection Board and an appeal to the Court of Appeals for the Federal Circuit. See 5 U.S.C. §§ 7511-7513, 7701-7703. After Smith's claim was originally dismissed, she did not take it to the Merit Systems Protection Board, however. Instead she filed an amended complaint in this action in the district court.
 
 
 5
 The district court's dismissal for failure to exhaust implies that the plaintiff could have pursued her cause of action in a district court if administrative remedies had been sought to no avail. The Veterans Administration ("VA") rightly points out that in this case, however, it is the Court of Appeals for the Federal Circuit, not the District Court, which has jurisdiction over Smith's claim if an administrative remedy is not forthcoming. The Federal Circuit is the forum in which adverse decisions from the Merit Systems Protection Board are appealed. 5 U.S.C. § 7703(b)(1) (1993). Thus the district court erred in stating as its reason for dismissing Smith's action her failure to exhaust administrative remedies.
 
 
 6
 The proper reason for dismissal was lack of subject matter jurisdiction. The Supreme Court has held that when Congress creates a comprehensive remedial scheme, a Bivens action cannot be used to supplement the scheme. Specifically, because civil service regulations give a federal employee ample protection from arbitrary action by a supervisor, a Bivens action will not lie. Bush v. Lucas, 462 U.S. 367, 368 (1983); see also Berry v. Hollander, 925 F.2d 311 (9th Cir.1991) (VA pathologist cannot bring Bivens action against employer); Rivera v. United States, 924 F.2d 948, 951 (9th Cir.1991) (civilian Air Force employee cannot bring Bivens action against employer).
 
 
 7
 Smith's claim under the Federal Tort Claims Act ("FTCA") fails for the same reason her Bivens action does. As we said in Rivera v. United States, 924 F.2d 948, 951 (9th Cir.1991),
 
 
 8
 The clear thrust of Bush ... is that Congress's purpose in enacting the CSRA [the Civil Service Reform Act of 1978] was to channel grievances and disputes arising out of government employment into a single system of administrative procedures and remedies, subject to judicial review. To permit FTCA claims to supplant the CSRA's remedial scheme certainly would defeat that purpose.
 
 
 9
 Accordingly, we refuse in this case, as in Rivera, to allow the plaintiff to proceed against her federal employer through the FTCA.
 
 
 10
 In affirming the district court's dismissal of this cause of action, we are not unmindful of the VA's unfortunate treatment of Smith. She was hired and had served out her probationary period before the VA discovered that as a non-citizen she was ineligible for her job. Smith had clearly written on her application for employment that she was a citizen of Haiti, so no blame for the mistake can be laid at her feet. To make matters worse, once the VA decided to dismiss Smith, they did so without notifying her of her administrative remedy, a clear violation of 5 C.F.R. § 1201.21. Not until two months after this lawsuit was filed and served did the VA advise Smith of her right to appeal her termination to the Merit Systems Protection Board.
 
 
 11
 Unfortunately, any mistakes made by the VA cannot serve to confer jurisdiction in the district court. We must AFFIRM the dismissal of this case on summary judgment, on the ground that the district court lacked subject matter jurisdiction.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Gary Taylor, U.S. District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3